In deciding this case the reasons assigned in arrest of judgment, together with the pleadings, are alone to be considered. The first reason assigned is abandoned by the counsel for the defendant, and need not therefore be stated: and indeed there does not appear in the record any foundation for, or statement to warrant such a reason.
The second reason assigned and relied upon is that an action of debt will not lie on a promissory note, not under seal, between the indorsee or assignee and maker of the same. The single question therefore to be decided by the Court is, whether or not the assignee of a promissory note, not under seal, can sustain an action of debt on a note against the drawer.
In the course of argument on this case, several authorities have been introduced by the counsel in support of the reason assigned to arrest the judgment. These chiefly relate to the case of an action of debt brought by the payee of a note against the drawer; and on this point the authorities are contradictory. The latest case introduced from the English books decides the point, that an action of debt may, in England, be supported by the payee against the drawer of a note of hand without seal, where there is an apparent consideration on the face of it, and so expressly stated. 1 Bos. Pul. 78. But the Court in that case cautiously avoid giving any opinion whether such action would lie if such consideration did not appear; or whether it would be supported in any case, by the assignee against the drawer. In Chitty, 220, 221, it is stated as decided, that an action of debt can not be brought by the payee of a bill of exchange against the acceptor, for want of privity of contract; though the writer seems to be of a different opinion, on the ground that there is a privity of contract between *Page 17 
the payee of a bill of exchange and acceptor. The general doctrine on the subject, which seems to be adopted by most, if not all, the writers that treat of it, is that whenever there is a debt due, or duty created, expressly, or by implication of law, between the parties, there debt will lie; and it seems to be generally added, and perhaps always understood, that there must be a privity of contract between the parties to support debt. Hence the principal inquiry seems to be, in what cases does privity of contract exist? Much of the doctrine to be met with in the books on this subject relates to cases of bills of exchange, and in consequence of promissory notes, when indorsed over, being assimilated to bills of exchange, the same doctrine has been supposed to apply to both. It is believed, however, the similarity between bills of exchange and promissory notes, though it commences when the note is assigned, is not complete until the bill of exchange is accepted, and also assigned over by the payee. Until such assignment of a bill of exchange, there appears to be this difference between such bill, and a note of hand which has been assigned, that by the assignment of the note, the right to receive the amount thereof is transferred to another, which changes the original contract; which is not the case with the bill, although accepted, until it also is assigned; for, by the acceptance of the bill of exchange the original contract is not altered as regards the payee. And such acceptance may with great plausibility be said, as is stated by Chitty, to be a promise to pay directly to the payee, and not a collateral undertaking as is stated in the decisions there noticed. And it does not clearly appear how it can be considered a collateral undertaking, except in regard to the consideration, which does not pass actually from the payee of the bill to the acceptor, but from the drawer to him; and therefore in this respect his undertaking may be considered as collateral.
It appears therefore to me, if the doctrine stated by Chitty be correct, that this action would lie by the payee of a bill of exchange against the acceptor; yet it would not prove that the assignee of a note could *Page 18 
support the action against the drawer. There has been no case adduced in which this question between the assignee and drawer of a note has been made and decided. There are some dicta of writers that such actions can not be supported. It seems to me at present, from examining all the authorities on the subject which have come to my knowledge, that, in order to support this action on a note or simple contract, there must be a debt due, or a duty created or arising, expressly, or by implication of law, from the defendant directly to the plaintiff, and so as to constitute a privity of contract between the parties; and that the person entitled to such debt, or to whom such duty arises, by simple contract, can not transfer the same, so as to enable his assignee to support debt thereon. It is not deemed necessary at present to decide how far a consideration must appear expressed in such transaction, note, or pleading, in order to support the action. This is my opinion on the subject, supposing it not to be affected by the acts of Assembly in force in this State.
I will now notice those acts in order to ascertain their effect upon this point.
The first Act was passed in the year 1762, by which after stating there was no remedy, or method of recovering money specified in notes of hand,c. an action is given to the payee of a note of hand against the drawer as in cases of bills of exchange; and an action is also given to the assignee of such note in like manner as in cases of bills of exchange; and it is also stated that the party may recover damages and costs of suit, c.
From the preamble of the Act it is evident the Legislature were of opinion that previously no action would lie on a note of hand to recover the amount thereof: and when the law is examined it will probably be found that in England a note of hand without seal, before the Act of Parliament giving an action thereon, and making the same negotiable, was considered only a memorandum of a verbal promise, upon which no action would lie, and which could only be used as evidence of the promise to *Page 19 
support an action brought on the verbal undertaking; or for money had and received, as the case might be. While a note was considered in this situation, no better, in fact, than a verbal promise, it will not, it is presumed, be contended that the payee of such note, or the person to whom such verbal promise was made, which was thus reduced to writing, could transfer the same, so as to authorize his assignee to support an action of debt. If this could not be done, does the Act of 1762 give such action to the assignee of a note? There are no words in the Act to authorize such a conclusion. Although the Act does not expressly name the action, stating only that an action might be maintained on such notes in the same manner as upon bills of exchange, yet the inference to be fairly drawn from that part of the Act, authorizing the plaintiff to recover damages and costs, is very strong, that the framers of the Act had in view an action on the case only, which was the usual action brought on bills of exchange. Hence, it is believed, no argument can be drawn from this Act in support of the action of debt by an assignee against the drawer of a note of hand. When the subsequent Acts of 1786 and 1789 are examined it will be seen that, so far as they go on this subject, they seem to support the idea that, so far as regarded notes of hand without seal, an action on the case was the only action their framers had in view. For the Act of 1786 makes instruments under seal negotiable in the same manner as notes not under seal, and expressly authorizes the assignees of such instruments to maintain their action on the case, as suits had been theretofore maintained by assignees of notes of hand; thereby implying that an action on the case was the proper and usual action on such notes.
The Act of 1789 repeals the Act of 1786, so far as regards sealed instruments alone, leaving the law, relative to notes of hand, as it stood before.
Hence it would seem that the Acts contain nothing which would sanction the idea that an action of debt could be maintained by the assignee of a note against the drawer; but the contrary presumption is *Page 20 
rather to be inferred. It may here be observed that, according to the case in 1 Cranch, 343, it has been decided by a Judge of the Supreme Court of the United States, that in Maryland, where it is stated the statute of Anne, from which our Act of 1762 is borrowed, is in force, an action of debt can not be sustained, by the payee of a note without seal, against the drawer. It is not, however, deemed necessary at present to give an opinion upon that point, as the case before the Court does not require it.
From a view of the whole doctrine on this subject it does not appear that in any one instance an action of debt has been supported by the assignee of a note without seal against the drawer. And as the acts of Assembly in force in this State do not appear to give such action to the assignee, it does not seem to me that this Court is authorized by law to sustain such actions, or render a judgment for the plaintiff' on a verdict found in his favor. And however desirous the Court might be to support the kind of action brought by the party in a case such as the present, where he appears in justice and equity entitled to the sum demanded, yet they can not dispense with the law, and give him a remedy in a different mode from that which it prescribes; and more particularly in a case where there is not even usage or precedent to sanction such a proceeding.
It is, therefore, my opinion that in this case the action of debt can not be supported; and that therefore the second reason assigned in arrest of judgment be sustained, and that no judgment be rendered on said verdict.
 Williams, J., concurred. *Page 21